1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| WAYNE ELIJAH JONES,<br>CDCR #BU7712,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY, et al.,<br><br>Defendants. | Case No.:  3:23-cv-02241-CAB-AHG<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |
| --- | --- |

19      Plaintiff Wayne Elijah Jones, who is proceeding pro se and is currently housed at

20  Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, has

21  filed a civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1, "Compl." He has

22  not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), and although the Court has

23  received a trust account statement from RJD, he has not filed a Motion to Proceed *In Forma*

24  *Pauperis* ("IFP").

25  **I.      Failure to Pay Filing Fee or Request IFP Status**

26      All parties instituting any civil action, suit or proceeding in a district court of the

27  United States, except an application for writ of habeas corpus, must pay a filing fee of

28

1   $405. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to

2   prepay the entire fee, however, if he is granted leave to proceed IFP pursuant to 28 U.S.C.

3   Section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007);

4   *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all

5   persons seeking to proceed without full prepayment of fees to file an affidavit that includes

6   a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v.*

7   *Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the Prison

8   Litigation Reform Act ("PLRA") also requires prisoners to submit a "certified copy of the

9   trust fund account statement (or institutional equivalent) for . . . the 6-month period

10  immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*

11  *King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

12      Plaintiff has not prepaid the $405 in filing and administrative fees required to

13  commence this civil action, nor has he submitted a properly supported Motion to Proceed

14  IFP pursuant to 28 U.S.C. § 1915(a). Although Plaintiff's trust account statement was

15  submitted to the Court by RJD, he has not submitted the required affidavit stating what

16  assets he possesses which would demonstrate an inability to pay. *See Escobedo*, 787 F.3d

17  at 1234. Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493

18  F.3d at 1051.[2]

19  / / /

20  / / /

21  / / /

22

23

24  [1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative
    fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court

25  Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does
    not apply to persons granted leave to proceed IFP. *Id.*

26  [2] Plaintiff is cautioned that the PLRA requires that all prisoners who proceed IFP to pay

27  the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84
    (2016), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C.

28  § 1915(b)(2) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)

1  **II.  Conclusion and Order**

2         Accordingly, the Court:

3         (1)   **DISMISSES** this civil action *sua sponte* without prejudice based on

4  Plaintiff's failure to pay the $405 civil filing and administrative fee or to submit a Motion

5  to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and

6         (2)   **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed

7  to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and

8  file a properly supported Motion to Proceed IFP. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal.

9  Civ. L.R. 3.2(b).

10        The Clerk of the Court is **DIRECTED** to provide Plaintiff with this Court's

11 approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*

12 *Pauperis*."[3]

13        **IT IS SO ORDERED.**

14 Dated:  December 21, 2023

15                                        _____

16                                        Hon. Cathy Ann Bencivengo
                                          United States District Judge

17

18

19

20

---

21 [3] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full
   $402 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his
22 Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28
   U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the
23 full $402 filing fee at once, or is granted IFP status and is obligated to pay the full filing
24 fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
25 (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte*
   dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim,
26 or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621
27 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C.
   § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity
28 or officer or employee of a governmental entity.").