UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES, CDCR #V-46240,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY; NORTH COUNTY DIVISION; SAN DIEGO COUNTY JAILS AND DETENTION FACILITY; CDCR; RICHARD J. DONOVAN CORRECTIONAL FACILITY; HIGH DESERT STATE PRISON; OCEANSIDE POLICE DEPARTMENT,<br><br>Defendants. | Case No.: 3:23-cv-02241-CAB-AHG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>[ECF No. 5] |

Plaintiff Wayne Elijah Jones, who is proceeding pro se and currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) While his Complaint is difficult to decipher, Plaintiff appears to allege that two state prisons, several local detention facilities, the County of San Diego, and the Oceanside Police Department have violated his right to privacy and contributed to the decline of his mental health and well-being on

unspecified occasions from January 2020 through November 2023.  (*Id.* at 1–3, 4–6.)  He seeks an "investigation on tablets," "access to the internet," and a "policy that protects [his] privacy," as well as $11.5 million in compensatory and punitive damages.  (*Id.* at 2, 7.)

Jones has not paid the full civil filing fee required by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP").  (*See* ECF No. 5.)

### I.   MOTION TO PROCEED IFP

#### A.   Standard of Review

"All persons, not just prisoners, may seek IFP status."  *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Jones, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"

*Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When … presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   Discussion

The Court has reviewed Jones's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, his pleading contains only broad and mostly incoherent allegations involving a group of unrelated state correctional and municipal entities Jones believes have violated his right to privacy and to have "damaged [his] physical, mental, spiritual, and psychological health" in unspecified ways while he has been held in their custody. (*See* Compl. at 4.) These types of global and conclusory assertions, wholly untethered to a particular person or time, fail to meet the "ongoing danger" required to meet § 1915(g)'s exception for cases presenting the risk of imminent physical harm. *See Cervantes*, 493 F.3d at 1056–57; *see also Ray v. Lara*, 31

F.4th 692, 701 (9th Cir. 2022) ("[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent dangers and the violations of law alleged in the complaint."); *see also Sierra v. Woodford,* 2010 WL 1657493, at *3 (E.D. Cal. April 23, 2010) (finding prisoner's "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to satisfy § 1915(g)'s exception for "imminent danger from a particular harm.").

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

Based on a review of its own dockets and other court proceedings publicly available on PACER,[1] the Court finds that Plaintiff Wayne Elijah Jones, currently identified as CDCR Inmate #BU-7712, while incarcerated, has had four prior civil actions and/or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

> (1) *Jones v. Peng, et al.,* No. 21-cv-1912-MMA-BLM (S.D. Cal. May 12, 2022) (Order Granting Motion to Proceed IFP, Dismissing Complaint with leave to amend for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) [ECF No. 11]) (May 12, 2022 Order dismissing action [ECF No. 12]) (strike one);
>
> (2) *Jones v. Peng, et al.*, No. 22-55543 (9th Cir. Nov. 17, 2022) (Order Revoking IFP and Dismissing Appeal as Frivolous [Dkt No. 24]) (strike two);

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

(3) *Jones v. Cal. Gov't Claims Program, et al.*, No. 23-cv-1256-WQH-DDL (S.D. Cal. Aug. 21, 2023) (Order Dismissing Case for failure to state a claim pursuant to 28 U.S.C. §1915A [ECF No. 7]) (strike three); and

(4) *Jones v. Wasco State Prison*, No. 23-cv-0543-JLT-BAM (E.D. Cal. Sept. 15, 2023) (Findings and Recommendation ("F&R") to Dismiss Civil Action for failure to state a claim [ECF No. 22]); (Order Adopting F&R and Dismissing Action [ECF No. 23]) (strike four).

Accordingly, because Jones has accumulated four prior dismissals—all qualifying as strikes under § 1915(g)—and fails to make any "plausible allegations" of imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. CONCLUSION

For the reasons discussed, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 5) as barred by 28 U.S.C. § 1915(g), **DISMISSES** this civil action without prejudice for failure to pay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a), **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  February 2, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge